IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

KYRELL ANTHONY SOCKWELL                                                                        PLAINTIFF

v.                                            Civil No. 4:23-cv-04003

OFFICER DUSTIN WAKEFIELD and
OFFICER GREG PARKER                                                                           DEFENDANTS

**ORDER**

Plaintiff, Kyrell Anthony Sockwell, submitted this 42 U.S.C. § 1983 action *pro se* on January 25, 2023, along with a Motion for Leave to Proceed *in forma pauperis* ("IFP Application"). (ECF Nos. 1, 2). The Court granted Plaintiff's IFP Application on the same day. (ECF No. 3). Currently before the Court is Plaintiff's failure to comply with orders of the Court.

When Plaintiff filed his complaint, he was incarcerated. On June 12, 2023, Plaintiff notified the Court of his release from incarceration and provided the Court with his new free-world address. (ECF No. 16). In response, the Court ordered Plaintiff to provide the Court with an updated IFP Application by July 5, 2023. (ECF No. 17). The Court also informed Plaintiff that if he failed to submit an updated IFP Application or pay the filing fee, this case would be subject to dismissal. Plaintiff failed to respond with an updated IFP Application or pay the filing fee.

On July 6, 2023, the Court entered an Order to Show Cause directing Plaintiff to show cause why he failed to respond to the Court's Order with his updated IFP Application. (ECF No. 24). The Court again advised Plaintiff that failure to respond to the Order to Show Cause would result in the dismissal of this action. Plaintiff's response to the Order to Show Cause was due on July 27, 2023. Plaintiff has not filed a response.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey multiple Court Orders. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 15th day of August, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge